**Gary L. WILEY; Linda P. Wiley, Plaintiffs–Appellants,**

v.

**Victor G. DRAKULICH, Attorney, Defendant–Appellee.**

No. 06–16030.

United States Court of Appeals, Ninth Circuit.

Submitted April 18, 2008.[*]

Filed June 5, 2008.

Thomas R. Brooksbank, Brooksbank & Associates, Reno, NV, for Plaintiffs–Appellants.

Don Nomura, Laxalt & Normura, Ltd., Reno, NV, for Defendant–Appellee.

Before KOZINSKI, Chief Judge, N.R. SMITH, Circuit Judge, and OTERO [**], District Judge.

**MEMORANDUM** [***]

It is undisputed that Business & Professional Collection Services sent eight Act-compliant validation letters before Drakulich did anything. In light of the nature of the relationship between Drakulich and Business & Professional Collection Services, Drakulich's actions did not constitute an "initial communication." *See* 15 U.S.C. § 1692g(a). Thus, Drakulich was under no obligation to send additional validation letters. *Id.*

**AFFIRMED.**

N.R. SMITH, Circuit Judge, dissenting:

I dissent. The language of 15 U.S.C. § 1692g(a) does not allow us to impute one debt collector's compliance with the Fair Debt Collection Practices Act ("Act") to another debt collector who admittedly failed to provide the written notice required by § 1692g(a). As the Supreme Court noted in *Heintz v. Jenkins,* 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995), Congress enacted a version of the Act in 1977 that expressly exempted attorneys from the statutory definition of a "debt collector." The Supreme Court also recognized in *Heintz* that "[i]n 1986, however, Congress repealed this exemption in its entirety, Pub.L. 99–361, 100 Stat. 768, without creating a narrower, litigation-related, exemption to fill the void." *Id.* at 294–95, 115 S.Ct. 1489. Then in 2006, Congress once again amended the Act to except legal pleadings from its statutory definition of "initial communication." *See* 15 U.S.C. § 1692g(d). In November 2004, when Drakulich served the complaint and summons, the Act provided no exception for attorneys representing debt collector clients.

Despite the fact that no such exception existed when Drakulich served the complaint and summons, the majority creates

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] The Honorable S. James Otero, United States District Judge for the Central District of California, sitting by designation.

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

an exception "[i]n light of the nature of the relationship" between Drakulich and his client Business & Professional Collection Services ("B & P"). The majority creates this exception without any statutory basis. Further, there is nothing special about the relationship between Drakulich and B & P that justifies the majority's decision excusing Drakulich from complying with the Act. Instead, as an attorney representing a debt collector in litigation, Drakulich was himself a debt collector subject to the Act's many requirements. *See Heintz,* 514 U.S. at 294, 115 S.Ct. 1489. While I might sympathize with the majority's position, there is no statutory basis for it.